

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,765-01

**EX PARTE STEVEN DELEON, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012-166A IN THE 421ST DISTRICT COURT
### FROM CALDWELL COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to thirty-two years' imprisonment. The Third Court of Appeals affirmed his conviction. *DeLeon v. State*, No. 03-13-00202-CR (Tex. App.—Austin May 29, 2015)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to present evidence that Applicant was not in Caldwell County on the dates alleged in the indictment and therefore, could not have committed the offense on these days. Applicant also

alleges that counsel failed to prepare testifying witnesses, including himself, and failed to call character witnesses.

Following a hearing, the trial court made findings of fact and conclusions of law. However, the trial court's original findings of fact and conclusions of law did not address all of Applicant's allegations. Therefore, additional findings of fact are necessary in order to resolve the issues in this case.

The trial court shall make supplemental findings of fact and conclusions of law as to (1) whether counsel was deficient in failing to present additional evidence as to Applicant's alibi for June 18, 2011, July 2, 2011, and, July 30, 2011; (2) whether counsel adequately prepared Frank DeLeon, Christine DeLeon, and Lorraine DeLeon for their testimony; (3) whether counsel was deficient for failing to call Applicant's ex-girlfriend to testify during punishment; and, (4) whether or not counsel adequately prepared Applicant for his testimony. The trial court shall also make any other supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 13, 2017

Do not publish